IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION


| | | |
|---|---|---|
| MICHAEL LLOYD PENTON,<br>TDCJ-CID NO. 648095,<br><br>                    Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional<br>Institutions Division,<br><br>                    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-12-3285 |


## MEMORANDUM OPINION AND ORDER


Michael Lloyd Penton, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus By a Person in State Custody.[1]  Pending before the court is Respondent Thaler's Motion for Summary Judgment with Brief in Support,[2] to which Penton has filed a "Motion to Rebuttal" [sic].[3]  For the reasons stated below, the court will grant Thaler's Motion and will deny Penton's Petition.

---

[1]Petition for a Writ of Habeas Corpus by a Person in State Custody ("Penton's Petition"), Docket Entry No. 1, p. 1.

[2]Respondent Thaler's Motion for Summary Judgment with Brief in Support ("Thaler's Motion"), Docket Entry No. 16.

[3]Petitioner's Motion to Rebuttal the Respondent's Motion for Summary Judgment ("Penton's Rebuttal"), Docket Entry No. 17.

## I.  Procedural History and Claims

### A.   Procedural History

Michael Lloyd Penton was convicted of aggravated assault in January of 1992 in the 185th District Court of Harris County, Texas (Cause No. 619404), and was sentenced to twenty-five years' confinement in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID").[4] Penton was released on parole on October 9, 2002, but his parole was revoked in July of 2004 after he was convicted of misdemeanor assault.[5] On November 13, 2012, Penton was again released on parole.[6]  On June 14, 1984, Penton was convicted of aggravated sexual assault in the 179th District Court of Harris County, Texas (Cause No. 394137).[7]  Because of this aggravated sexual assault conviction, Penton was required to participate in a sex offender training program ("SOTP") before being released from prison[8] and to register as a sex offender as a condition of parole.[9]

---

[4]Ex parte Michael Lloyd Penton, Case No. WR50,840-07, p. 161 (Tex. Crim. App. May 25, 2012) (Plea of Guilty & Sentence in Cause No. 619404).

[5]Ex parte Penton, Case No. WR50,840-07, pp. 84, 108 (Board of Pardons and Paroles Hearing; Plea of Guilty and Sentence for Assault, Cause No. 1227768).

[6]Thaler's Motion, Docket Entry No. 16, Document 16-2 (Board of Pardons and Paroles Minutes).

[7]Ex parte Penton, Case No. WR50,840-07 , p. 147 (Conviction, Sentence, Cause No. 394137).

[8]Ex parte Penton, Case No. WR50-840-07, p. 52 (Dates of completed SOTP).

[9]Certificate of Parole, attached to Penton's Rebuttal, Docket Entry No. 17, p. 15.

On September 27, 2001, Penton filed his first state habeas corpus application, which was denied without written order on December 5, 2001.[10]   Penton filed another application for state habeas corpus relief on February 18, 2005, which was denied without written order on July 13, 2005.[11]  A few months later Penton filed a third state petition, which was dismissed as a subsequent application on October 26, 2005.[12]  Penton filed a federal petition for a writ of habeas corpus on December 13, 2005, which was dismissed with prejudice on January 18, 2007.[13]  On May 17, 2008, Penton filed another state habeas application, which was dismissed on May 21, 2008, as a subsequent application.[14]   Penton filed another state petition on July 28, 2009, which was denied without written order on April 25, 2012.[15]   Penton filed a final state application on January 21, 2012, which was denied without written order on June 13, 2012.[16]

---

[10]Ex parte Michael Lloyd Penton, Case No. WR-50,840-01 at cover, p. 10 (Tex. Crim. App. Sept. 24, 2007).

[11]Ex parte Michael Lloyd Penton, Case No. WR-50,840-02 at cover (Tex. Crim. App. Apr. 4, 2005).

[12]Ex parte Michael Lloyd Penton, Case No. WR-50,840-03 at cover (Tex. Crim. App. Sept. 15, 2005).

[13]Penton v. Quarterman, No. 05-4214, (S.D. Tex Jan. 18, 2007).

[14]Ex parte Michael Lloyd Penton, Case No. WR-50,840-04 at cover (Tex. Crim. App. Apr. 15, 2008).

[15]Ex parte Michael Lloyd Penton, Case No. WR-50,840-06 at cover (Tex. Crim. App. Mar. 22, 2012).

[16]Ex parte Penton, Case No. WR-50,840-07 at cover, p. 14.

## B.  Petitioner's Claims

The pending petition for a writ of habeas corpus was filed with this court on October 25, 2012.[17]  Penton asserts three claims in his petition:

> (1) Requiring Penton to complete a SOTP before being released violates the Ex Post Facto Clause of the Constitution;
>
> (2)  The TDCJ has erroneously retroactively applied the sex offender requirements to the conditions governing his parole and mandatory supervision eligibility; and
>
> (3)  Denying Penton mandatory supervision eligibility violates the Ex Post Facto Clause.[18]

Respondent Thaler has moved for summary judgment.  Thaler argues that he is entitled to summary judgment because Penton's petition is moot, is subject to the successive petition bar found in 28 U.S.C. § 2244(b), and is barred by the statute of limitations found in 28 U.S.C. § 2244(d).[19]

## II.  Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

---

[17]Penton's Petition, Docket Entry No. 1, p. 10; October 25, 2012, is the date on which Penton placed the petition in the prison mailing system.  See Spotville v. Cain, 149 F.3d 374, 376 (5th Cir. 1998) ("[A] pro se litigant has initiated, or 'filed,' his petition properly when he has completed everything within his control to deliver the actual petition to the court . . . .").

[18]Penton's Petition, Docket Entry No. 1, pp. 2, 13.

[19]Thaler's Motion, Docket Entry No. 16, pp. 4, 5, 9.

-4-

Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 106 S. Ct. 2505, 2511 (1986).  The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  <u>Celotex Corp. v. Catrett</u>, 106 S. Ct. 2548, 2552 (1986).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case."  <u>Little v. Liquid Air Corp.</u>, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting <u>Celotex</u>, 106 S. Ct. at 2553).  If the moving party meets this burden, Rule 56(c) requires the nonmovant to show that specific facts exist over which there is a genuine issue for trial.  <u>Id.</u> (citing <u>Celotex</u>, 106 S. Ct. at 2553-54).  Ordinarily, in reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence."  <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 120 S. Ct. 2097, 2110 (2000).  But the amendments to 28 U.S.C. § 2254 contained in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") change the way in which courts consider summary judgment in habeas cases.

As amended by the AEDPA, 28 U.S.C. § 2254 provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011).  In a habeas proceeding 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be correct."  This statute overrides the ordinary summary judgment rule.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)).  Therefore, a court will accept any factual findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

### III.  Analysis

#### A.  Mootness

Thaler first argues that Penton's Petition is moot because he was released on parole in November of 2012.[20]  In order for a case or controversy to be judicially reviewable the plaintiff must, throughout the litigation, "have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 118 S. Ct. 978, 983 (1998) (quoting Lewis v. Continental Bank Corp., 110 S. Ct. 1249, 1254 (1990)).  A case is considered "moot when the issues presented are no longer 'live' or the parties lack a legally

---

[20]Thaler's Motion, Docket Entry No. 16, Document No. 16-2, p. 2 (Board of Pardons and Paroles Minutes).

cognizable interest in the outcome." Powell v. McCormack, 89 S. Ct. 1944, 1951 (1969). Generally, a prisoner must be "in custody" to render a case 'live' in order to support a petition for a writ of habeas corpus. 28 U.S.C. § 2254(a); Spencer, 118 S. Ct. at 983. The Supreme Court has stated, however, that a prisoner may be considered to be in custody while on parole to support a petition for habeas corpus. See generally Jones v. Cunningham, 83 S. Ct. 373 (1963).

Before being released on parole in November of 2012, Penton was required to participate in a sex offender training program ("SOTP"). This forms the basis of Penton's first claim. Penton completed this program in October of 2002.[21] Therefore, his first claim is moot since it can no longer be redressed by the court.

Penton's second claim concerns the conditions governing his parole. As conditions to his parole, Penton is not allowed to leave his residence except for under certain circumstances or if he has the permission of his parole officer.[22] Further, he is required to wear a GPS device that will not allow him to leave his home.[23] In this context, "home" does not include a porch, yard, or garage

---

[21]Petitioner's Memorandum of Law, and Argument Pursuant to Petition for a Writ of Habeas Corpus by a Person in State Custody ("Penton's Memorandum"), Docket Entry No. 3, Document 3-1, p. 2 (Special Conditions of Parole Release).

[22]Certificate of Parole, attached to Penton's Rebuttal, Docket Entry No. 17, p. 15.

[23]Id. at 17 (General Conditions of GPS).

-7-

that may be associated with the house.[24]   Penton has also been required to register as a sex offender and provide blood and other specimen samples to the Department of Public Safety due to his prior sex offense.[25]   As in <u>Jones</u>, 83 S. Ct. at 377, Penton must "faithfully obey these restrictions and conditions," while knowing that any violation could cause him to be rearrested and put back in jail.  <u>Id.</u>  Although Penton's parole in November of 2012 released him from physical confinement, the conditions of his parole continue to impose conditions that "significantly confine and restrain his freedom."  <u>Id.</u>  These requirements are, as in <u>Jones</u>, sufficient to qualify as "collateral consequences."   Therefore, this claim is not moot because it continues to affect him.

Penton's third claim focuses on his denial of mandatory supervision release.   Penton argues that he had a constitutional expectancy of early release, and that by applying section 508.149 of the Texas Government Code to his release, there has been an ex post facto clause violation.[26]  The Fifth Circuit has stated that mandatory supervision "is the equivalent of parole."   <u>Tolley v. Johnson</u>, 228 F.3d 410, 410 (5th Cir. 2000).   Since Penton has been released on parole, the relief he seeks in this claim has been granted, and this claim is therefore moot.

---

[24]<u>Id.</u>

[25]<u>Id.</u>

[26]Penton's Memorandum, Docket Entry No. 3, p. 25.

**B.   The Petition is Successive**

Thaler argues that Penton's Petition should be denied because he has filed successive petitions.  Penton's Petition was filed after April 24, 1996, the effective date of the AEDPA.  Penton's Petition is thus subject to the AEDPA.  See Green v. Johnson, 116 F.3d 1115, 1119 (5th Cir. 1997).  Under the AEDPA a petitioner must seek permission from the appropriate court of appeals before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).

While the AEDPA itself does not define "second or successive application," the Fifth Circuit has stated that "a later petition is successive when it (1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."  In re Cain, 137 F.3d 234, 235 (5th Cir. 1998).  The government initially bears the burden in pleading abuse of a writ.  This burden is satisfied if the government clearly and particularly (1) alleges abuse of a writ, (2) notes the peti-tioner's prior writ history, and (3) identifies claims appearing for the first time.  McCleskey v. Zant, 111 S. Ct. 1454, 1470 (1991).  The burden then shifts to the petitioner to demonstrate that his or her failure to raise the claim earlier is excused by showing (1) both cause and actual prejudice, or (2) that a fundamental miscarriage of justice would result should the petition be dismissed, such as conviction of an innocent person.  Id.

-9-

This is page 10 of 15.

Penton's pending Petition is his second federal Petition seeking habeas relief.  In his previous federal petition, which was dismissed with prejudice, Penton argued that the sex offender registration statute was improperly applied to him.[27]  Penton again makes this argument in the second claim of his current Petition.[28] The fact that Penton is proceeding pro se does not excuse him from having to show either cause and actual prejudice or a fundamental miscarriage of justice, as required by McCleskey.  U.S. v. Flores, 981 F.2d 231, 236 (5th Cir. 1993).  Penton has made no showing of cause and prejudice.

Penton's Petition is successive.  Because Penton has not received permission from the Fifth Circuit Court of Appeals to file this Petition, his Petition does not comply with 28 U.S.C. § 2244(b)(3)(A).

## C.  The Petition is Barred By the Statute of Limitations

The AEDPA contains a one-year statute of limitations for federal petitions brought by state prisoners.    28 U.S.C. § 2244(d)(1).  In this case, the limitations period runs from the latest "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."    28 U.S.C. § 2244(d)(1)(D).    The AEDPA provides,

---

[27]Penton, No. 05-4214, p. 19.

[28]Penton's Memorandum, Docket Entry No. 3, p. 13.

however, that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A federal habeas petition does not toll the AEDPA limitations period. Duncan v. Walker, 121 S. Ct. 2120, 2125 (2001).

The statute of limitations may also, in some circumstances, be subject to equitable tolling. Such is the case if a petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Manning v. Epps, 688 F.3d 177, 183 (5th Cir. 2012) (quoting Holland v. Florida, 130 S. Ct. 2549, 2562 (2010)). Only "extraordinary" cases justify the application of equitable tolling. Manning, 688 F.3d at 183. These statute of limitations provisions have been construed in this court as applying to each claim made by a petitioner on a claim-by-claim basis, as opposed to simply using the earliest or latest of all possible dates for every claim. Ellis v. Quarterman, No. 07-2768, slip op. at 6 (S.D. Tex. July 30, 2008).

Penton's first claim is barred by the AEDPA statute of limitations. This claim concerns an alleged violation of the ex post facto clause by imposing completion of a SOTP.[29] Penton was

---

[29]Penton's Petition, Docket Entry No. 1, p. 2.

-11-

enrolled in this program from November 30, 2000, to October 9, 2002.[30]  November 30, 2000, is therefore the latest date on which Penton could have become aware of the factual basis of his first claim, as that is the first day of his participation in the program.  Therefore, Penton had until November 30, 2001, to properly file a petition relating to this claim.  Penton filed a state petition on September 27, 2001, but the petition did not toll limitations because it only challenged Penton's denial of a mandatory release date.[31]  Nor has Penton shown any basis for equitable tolling with respect to this claim.  Penton's first claim is therefore time-barred.

Penton's second claim is also barred by the AEDPA statute of limitations.  On October 9, 2002, when Penton was first placed on parole, he signed the certificate stating that he was subject to special condition M, the "sex offender registration program."[32]  Had Penton exercised due diligence, he would have then known that he was subject to this requirement.  Penton thus had until October 9, 2003, to properly file a petition relating to his second claim about his required registration as a sex offender.  Because Penton's next state petition was not filed until February 18, 2005,

---

[30]Penton's Memorandum, Docket Entry No. 3, Exhibit E, Document 3-1, p. 8.

[31]Ex parte Penton, Cause No. WR-50,840-01, p. 11.

[32]Certificate of Parole, Exhibit A to Penton's Memorandum, Docket Entry No. 3-1, p. 15.

it did not toll limitations.[33]  Nor has Penton shown any basis for equitable tolling.  Therefore, Penton's second claim is barred by the statute of limitations.

Penton's third claim is also barred by the statute of limitations.  This claim alleges an ex post facto violation for not releasing him to mandatory supervision.[34]  His first application in state court alleging denial of mandatory release was filed on September 27, 2001.[35]  It is therefore clear that Penton was aware of the factual bases for this claim by that date.  Penton's next petition was filed in February of 2005.  This petition, which alleged the improper denial of mandatory supervision,[36] was filed more than three years after his first petition.

All of Penton's claims fall outside of the one year allowed under the AEDPA statute of limitations.  Moreover, the record does not reflect any unconstitutional state action that prevented Penton from filing for relief before the end of this statute of limitations period.  28 U.S.C. § 2244(d)(1)(B).  Neither do his claims concern a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2244(d)(1)(C).  Therefore, all of

---

[33]Ex parte Penton, Case No. WR-50,840-02, p. 10.

[34]Id. at 13.

[35]Ex parte Penton, Case No. WR-50,840-01, p. 10.

[36]Ex parte Penton, Case No. WR-50,840-02, p. 10.

Penton's claims are time-barred as the statute of limitations has expired.

**D.   Conclusion:   Penton's Request for Writ of Habeas Corpus Must Be Denied**

Penton's request for relief must be denied on several grounds. His first and third claims are moot, and all of his claims are successive and are barred by limitations.

### IV.   Certificate of Appealability

Although Penton has not yet requested a Certificate of Appealability ("COA"), the court may deny a COA sua sponte. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam). To obtain a COA for claims denied on the merits Penton must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 124 S. Ct. 2562, 2569 (2004). To make such a showing Penton must demonstrate that it is debatable among reasonable jurists whether a court could resolve the issues in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. Tennard, 124 S. Ct. at 2569.

For the reasons stated in this Memorandum Opinion and Order, Penton has not made a substantial showing of a denial of a constitutional right. Accordingly, a Certificate of Appealability will not issue in this case.

-14-

## V.   Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1.   Respondent Thaler's Motion for Summary Judgment With Brief in Support (Docket Entry No. 16) is **GRANTED.**

2.   Penton's Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DENIED.**

3.   A Certificate of Appealability is **DENIED.**

**SIGNED** at Houston, Texas, on this the 10th day of June, 2013.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-15-